ORIGINAL

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
APR 9 2009
CLERK, U.S. DISTRICT COURT
By_____
Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JEFFREY PAUL HALE, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:08-CV-141-A |
| | § | |
| NATHANIEL QUARTERMAN, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| Respondent. | § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE
### AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

#### B. PARTIES

Petitioner Jeffrey Paul Hale, TDCJ-ID #1097606, is a state prisoner in custody of the Texas Department of Criminal Justice, Correctional Institutions Division. He is represented by counsel of record.

Respondent Nathaniel Quarterman is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

C. FACTUAL AND PROCEDURAL HISTORY

In 1999, Hale was charged by separate indictment with aggravated sexual assault and indecency with J.S., a child younger than 14 years of age, and indecency with R.D., a child younger than 17 years of age, in cause numbers 0742190D and 0742187D, respectively, in the Criminal District Court Number Four of Tarrant County, Texas. (2State Habeas R. at 354; 1State Habeas R. at 350) On March 7, 2002, in a consolidated trial, a jury found Hale guilty of the charges, and, on April 18, 2002, the trial court assessed his punishment at forty years' confinement on the aggravated sexual assault charge and ten years' confinement on the indecency charge in cause number 0742190D and ten years' confinement on the indecency charge in cause number 0742187D. (2State Habeas R. at 355; 1State Habeas R. at 351) Hale filed a motion for new trial, to no avail. Thereafter, Hale appealed his convictions, but the Second District Court of Appeals of Texas affirmed the trial court's judgments, and, the Texas Court of Criminal Appeals refused his petitions for discretionary review. *Hale v. Texas*, 140 S.W.3d 381 (Tex. App.–Fort Worth 2004, pet. ref'd); *Hale v. Texas*, PDR Nos. 936-04 & 937-04. Hale filed two state postconviction applications for writ of habeas corpus, one for each case, which were denied by the Texas Court of Criminal Appeals without written order. *Ex parte Hale*, Application Nos. WR-66,482-01 & WR-66,482-02, at cover. Hale timely filed this federal petition.

At trial, J.S. testified that in 1998, when he was 12 years old, Hale, a member of their church, began mentoring him, his brothers, and R.D., his step-brother, at the request of his mother. (4Reporter's R. at 13-14) J.S. testified that Hale sexually assaulted him on more than one occasion, that Hale bribed and threatened him not to divulge the abuse, and that he had repeated one of the sexual acts on his three-year-old half-brother. (*Id.* at 16-29) R.D. testified that Hale fondled him

2

on one or more occasions. (*Id.* at 95-103)

### D. Issues

Hale raises the following grounds for relief:

(1) The trial court's exclusion of evidence denied him his constitutional right to present a defense; and

(2) He was denied effective assistance of counsel at trial and on appeal. (Petition at 5-6)

### E. Rule 5 Statement

Hale has sufficiently exhausted his state remedies on the issues presented as required by 28 U.S.C. § 2254(b)-(c).

### F. Discussion

#### 1. Legal Standard for Granting Habeas Corpus Relief

Under 28 U.S.C. § 2254(d), a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless he shows that the prior adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court. 28 U.S.C. § 2254(d). A decision is contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court of the United States on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *See Williams v. Taylor*, 529 U.S. 362, 405-06 (2000); *see also Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). A state court decision will be an unreasonable application of clearly established federal

3

law if it correctly identifies the applicable rule but applies it unreasonably to the facts of the case. *Williams*, 529 U.S. at 407-08.

The Act further requires that federal courts give great deference to a state court's factual findings. *See Hill*, 210 F.3d at 485. Section 2254(e)(1) provides that a determination of a factual issue made by a state court shall be presumed to be correct. This presumption of correctness applies to both explicit findings of fact and those findings of fact implicit in the state court's mixed law and fact conclusions. *See Valdez v. Cockrell*, 274, F.3d 941, 948 (5th Cir. 2001). The applicant has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). When the Texas Court of Criminal Appeals denies relief in a state habeas corpus application without written order, it is an adjudication on the merits, which is entitled to this presumption. *See Singleton v. Johnson*, 178 F.3d 381, 384 (5th Cir. 1999); *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997).

2. Exclusion of Evidence

Hale claims the trial court's exclusion of evidence under Texas Rule of Evidence 412, Texas's rape shield law, that the complainants had been involved in a sexual relationship before meeting him violated his right to present a defense, his Sixth Amendment right to confront the witnesses, and his Fourteenth Amendment due process right to a fair trial. (Petition at 5) R.D. testified outside the presence of the jury that he and J.S. had engaged in oral and anal sex with each other for years. (4Reporter's R. at 117-22, 353) Hale asserts the exclusion of this evidence left the jury with the impression that he had anal sex with J.S., who repeated this learned behavior with his three-year-old half-brother. He further asserts the evidence of the complainants' sexual relationship would have enabled the jury to understand their bias in favor of each other, their motive to falsely

4

accuse him, and their knowledge of sexual matters.

Rule 412 of the Texas Rules of Evidence precludes admission of evidence of specific instances of an alleged victim's past sexual behavior in a trial for aggravated sexual assault unless it is evidence (1) to rebut or explain scientific or medical evidence offered by the state, (2) of past sexual behavior with the accused, offered on the issue of consent, (3) that relates to the motive or bias of the alleged victim, (4) that is admissible under rule 609, or (5) that is constitutionally required to be admitted, and its probative value outweighs the danger of unfair prejudice. TEX. R. EVID. 412(b). The trial court determined the evidence that J.S. and R.D. had engaged in sexual activity together over a period of years was irrelevant and that its prejudicial effect would outweigh any probative value of the evidence. (4Reporter's R. at 122)

The state appellate court agreed that Hale had failed to establish the relevancy of the evidence to a material issue in the case, so as to justify admission of the evidence under rule 412(b), by showing that the prior acts clearly occurred and that the acts so closely resembled those of the present case that they could explain the victim's knowledge about the sexual matters in question. *Hale*, 140 S.W.3d at 396. The court further noted that, although some states hold that the Constitution compels the admission of evidence to show an alternative basis for a child victim's knowledge of sexual matters, the Constitution requires only the introduction of otherwise relevant and admissible evidence. *Hale*, 140 S.W.3d at 396-97.

A state court's evidentiary rulings are not inherently suspect and are generally not cognizable on federal habeas review of a state conviction. *See Estelle v. McGuire*, 502, U.S. 62, 67 (1991); *Wood v. Quarterman*, 503 F.3d 408, 414 (5th Cir. 2007); *Derden v. McNeel*, 978 F.2d 1453, 1458 (5th Cir. 1983). Even if incorrect, federal habeas relief may be granted only under exceptional

5

circumstances when the evidentiary ruling violates a specific constitutional right or is so egregious that it renders the trial fundamentally unfair. *See Brown v. Dretke*, 419 F.3d 365, 376 (5th Cir. 2005).

Although no Supreme Court case is found addressing the validity of Texas's rape shield law and the specific issue presented, trial courts may constitutionally impose reasonable restrictions on a defendant's ability to confront adverse witnesses and present allegedly relevant evidence in his own defense when they serve legitimate state interests in the criminal trial process. *See Michigan v. Lucas*, 500 U.S. 145, 150-53 (1991); *Chambers v. Mississippi*, 410 U.S. 284, 295 (1973). Thus, even if relevant, exclusion of the evidence of a victim's previous sexual experiences represents such a legitimate interest. *See, e.g., Stephens v. Miller*, 13 F.3d 998, 1004 (7th Cir. 1994). Rape-shield statutes represent a valid legislative determination that rape victims deserve heightened protection against surprise, harassment, and unnecessary invasions of privacy. *See Lucas*, 500 U.S. at 150. Hale has not demonstrated that the trial court's ruling was contrary to clearly established Supreme Court precedent.

### 3. Ineffective Assistance of Counsel

Hale claims he received ineffective assistance of counsel at trial and on appeal. A criminal defendant has a constitutional right to the effective assistance of counsel at trial and on a first appeal as of right. U.S. CONST. amend. VI, XIV; *Evitts v. Lucey*, 469 U.S. 387, 393-95 (1985); *Strickland v. Washington*, 466 U.S. 668, 688 (1984); *Anders v. California*, 386 U.S. 738, 744 (1967). An ineffective assistance claim is governed by the standards set forth in *Strickland v. Washington*. *Strickland*, 466 U.S. at 668. *See also Styron v. Johnson*, 262 F.3d 438, 450 (5th Cir. 2001) (applying the *Strickland* standard to ineffective assistance claims against appellate counsel). To establish ineffective assistance of counsel a petitioner must show (1) that counsel's performance fell below

an objective standard of reasonableness, and (2) that but for counsel's deficient performance the result of the proceeding would have been different. *Strickland*, 466 U.S. at 688. A court must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance or sound trial strategy. *Id.* at 668, 688-89. Judicial scrutiny of counsel's performance must be highly deferential and every effort must be made to eliminate the distorting effects of hindsight. *Id.* at 689.

Hale raised his ineffective assistance claims in his state habeas applications, however, after conducting a hearing by affidavit, the state habeas court entered findings of fact refuting Hale's claims, concluded that Hale received ineffective assistance of counsel at trial and on appeal, and recommended that the applications be denied. (2State Habeas R. at 228-241, 321- 36, 353) In turn, the Texas Court of Criminal Appeals denied the applications without written order. Assuming the Texas Court of Criminal Appeals applied the *Strickland* attorney-performance standard to Hale's ineffective assistance claims, as did the appellate court, and made factual findings consistent with its denial of the claims, we defer to the state courts' determination unless it appears the decision was: (1) contrary to or involved an unreasonable application of *Strickland*, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence in the state court proceedings. *Bell v. Cone*, 535 U.S. 685, 698-99 (2002); *Haynes v. Cain*, 298 F.3d 375, 379-82 (5th Cir. 2002). Under this standard, the state courts' application of *Strickland* must be shown to be not only erroneous, but objectively unreasonable. *Yarborough v. Gentry*, 540 U.S. 1, 4 (2003). Having conducted an independent review, the state courts' adjudication of Hale's claims was neither erroneous nor objectively unreasonable.

Hale claims his trial attorneys were ineffective by failing to offer evidence that (1) J.S. was

7

knowledgeable of and preoccupied with sex before he met Hale, (2) J.S. had falsely accused another male of sexually assaulting him anally, (3) J.S. had psychological problems and a reputation for being untruthful, and (4) a medical examination did not reveal any trauma to J.S.'s anus and J.S. told hospital personnel that Hale did not touch his penis. Hale also claims trial counsel were ineffective by failing to object to disjunctive jury charges that authorized convictions on non-unanimous verdicts. (Pet'r Memorandum at 13-31) Hale claims his attorneys on appeal were ineffective by failing to raise his jury charge claim. (*Id.* at 32-33)

Hale's claims (1)-(4) involve matters of trial strategy. The state habeas court found that, to the extent such evidence was not limited or excluded by the trial court, counsel's actions were the result of reasonable trial strategy. (02State Habeas R. at 324-32) Such decisions by counsel are virtually unchallengeable. *See Strickland*, 466 U.S. at 694; *Bryant v. Scott*, 28 F.3d 1411, 1415 (5th Cir. 1994). Furthermore, the state habeas court found that, under state law at the time of Hale's trial, the jury charge was not erroneous, and, thus, trial and appellate counsel's decision not to object to the jury charge or raise the issue on appeal was reasonable. (*Id.* at 327) Counsel is not required to raise frivolous objections or issues on appeal. *See United States v. Gibson*, 55 F.3d 173, 179 (5th Cir. 1995); *Clark v. Collins*, 19 F.3d 959, 966 (5th Cir. 1994). The state courts' adjudication of the claims does not involve an unreasonable application of the *Strickland* standard nor is it unreasonable in light of counsel's affidavits and the prevailing state law at the time of Hale's trial.

Hale has not met his burden of overcoming the strong presumption that his trial and appellate attorneys were competent. Even if he could show deficient performance, he has not demonstrated that but for counsel's acts or omissions the outcome of his trial or appeal would have been different.

## II. RECOMMENDATION

Hale's petition for writ of habeas corpus should be DENIED.

### III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until April 30, 2009. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

### IV. ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until April 30, 2009, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing

date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED April 9, 2009.

                                    *[signature]*
                                    _____
                                    CHARLES BLEIL
                                    UNITED STATES MAGISTRATE JUDGE