IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

JUN 1 0 2009

CLERK, U.S. DISTRICT COURT
By _____
               Deputy

| | | |
|---|---|---|
| JEFFREY PAUL HALE, | § | |
| | § | |
| Applicant, | § | |
| | § | |
| VS. | § | NO. 4:08-CV-141-A |
| | § | |
| NATHANIEL QUARTERMAN, DIRECTOR, | § | |
| TEXAS DEPARTMENT OF CRIMINAL | § | |
| JUSTICE, CORRECTIONAL | § | |
| INSTITUTIONS DIVISION, | § | |
| | § | |
| Respondent. | § | |

<u>ORDER</u>

Came on for consideration the above-captioned action wherein
Jeffrey Paul Hale is applicant[1] and Nathaniel Quarterman,
Director, Texas Department of Criminal Justice, Correctional
Institutions Division, is respondent.  This is an application for
writ of habeas corpus filed by applicant on March 3, 2008,
pursuant to 28 U.S.C. § 2254.  On April 9, 2009, the United
States Magistrate Judge issued his proposed findings,
conclusions, and recommendation, and ordered that the parties
file objections, if any, thereto by April 30, 2009.  On April 22,

---

[1]The title of the document filed by Jeffrey Paul Hale on March 3, 2008, is "Petition for Writ of Habeas Corpus by a Person in State Custody," and he refers to himself as "petitioner."  Consistent with the wording of 28 U.S.C. § 2254, the court is referring to the document filed March 3, 2008, as an "application" and to Jeffrey Paul Hale as "applicant."

2009, applicant filed his written objections.   Respondent has not

made any further response.   In accordance with 28 U.S.C.

§ 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure,

the court makes a de novo determination of those portions of the

proposed findings, conclusions, or recommendation to which

specific objection is made.   United States v. Raddatz, 447 U.S.

667 (1980).

The judgments of conviction and sentence of which applicant

complains were rendered following a consolidated trial in

Criminal District No. Four of Tarrant County, Texas, of charges

made against applicant in two criminal cases, case numbers

0742187D and 0742190D.   The indictments in those cases charged

applicant with the offenses of aggravated sexual assault of a

child and indecency with a child by fondling.   In March 2002, a

jury found applicant guilty of aggravated sexual assault of a

child and indecency with a child in case number 0742190D and of

indecency with a child in case number 0742187D.   Applicant

elected to have the state trial court, rather than the jury,

sentence him.   The state trial court assessed applicant's

punishment at 40 years imprisonment for the aggravated sexual

assault of a child conviction and 10 years imprisonment for each

2

of the indecency with a child by fondling convictions, all to be served concurrently.

After the sentences were imposed, applicant hired new counsel, who filed a consolidated motion for new trial. The state trial court granted a hearing on the motion, and heard testimony from witnesses who said that they would have been willing to testify for applicant at trial had they been asked. Most of them testified generally about applicant's good character. Others testified to witnessing applicant interact with the victims of the conduct for which applicant was convicted. The state called as witnesses at the hearing applicant's trial counsel, who testified concerning their reasons for not calling the witnesses applicant urged in his motion should have been called on his behalf at trial. The motion was denied.

Applicant's judgments of conviction and sentence were affirmed on direct appeal by a consolidated published opinion. Hale v. State, 140 S.W.3d 381 (Tex. App.--Fort Worth 2004, pet. ref'd). His petitions for discretionary review by the Texas Court of Criminal Appeals were refused in December 2004. Applicant then challenged his convictions by separate state court habeas applications. The state trial court adopted findings of

3

fact and conclusions of law recommended by the state in each of the state habeas proceedings, and, on the basis thereof, recommended to the Texas Court of Criminal Appeals that each of the state court applications be denied.   Each was denied by the Texas Court of Criminal Appeals on February 13, 2008, without written order.[2]

The claims for relief urged by applicant in the federal application now under consideration by the document he filed March 3, 2008, are basically the same claims for relief he urged in his state court habeas applications.[3]

This court is required to give deference to the state court adjudications of the claims of applicant that were decided on the merits in the state court proceedings and to determinations of factual issues made by the state court, as required by 28 U.S.C. §§ 2254(d) and (e), reading in pertinent part as follows:

> (d)   An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State

---

[2]When the Texas Court of Criminal Appeals denies relief in a state court habeas application without written order, the denial is an adjudication on the merits, which is entitled to the deference contemplated by 28 U.S.C. § 2254.  See Singleton v. Johnson, 178 F.3d 381, 384 (5th Cir. 1999).  See also Ex parte Torres, 943 S.W. 2d 469, 472 (Tex. Crim. App. 1997).

[3]Applicant combines in his federal court application his claims for relief directed to both of the state court judgments of conviction and sentence.

court proceedings unless the adjudication of the claim--

> (1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

(e)(1)    In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct.  The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

The magistrate judge was not persuaded that applicant satisfied the heavy burdens placed on him by §§ 2254(d) and (e) as to any of applicant's claims.  The court agrees with the conclusion implicit in the magistrate judge's proposed findings, conclusions, and recommendation that applicant has failed to show that the state court's denial of any of his claims resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

5

Moreover, the court concurs in the conclusion implicit in the magistrate judge's findings, conclusions, and recommendation that applicant has failed to overcome the presumption that the determinations of factual issues made by the state court are correct; and, applicant certainly has failed to rebut the presumption of correctness by clear and convincing evidence.

Applicant's objections to the magistrate judge's findings, conclusions, and recommendation add nothing new to the presentations applicant made in his March 3, 2008, application. None of the objections causes the court to question the correctness or wisdom of the magistrate judge's recommendation that the relief sought by applicant be denied.  Therefore, the court accepts the magistrate judge's recommendation.  The relief sought by applicant under § 2254 is being denied.

THE COURT SO ORDERS.

SIGNED June 10 , 2009.

_____
JOHN McBRYDE
United States District Judge